IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AES THAMES, L.L.C.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-10334 (KJC) <br><br> Ref. No. 8 |

**INTERIM ORDER (I) AUTHORIZING DEBTOR'S
LIMITED USE OF CASH COLLATERAL, (II) GRANTING
REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CL&P AND (III)
SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Upon the Motion of the Debtor and Debtor in Possession for an Order Authorizing the Debtor's Use Of Cash Collateral (the "Motion");[2] and upon the Chatlosh Declaration; and pursuant to Bankruptcy Rule 4001, due and sufficient notice of the Motion and the relief sought at the Interim Hearing having been given by the Debtor to CL&P, the Debtor's twenty (20) largest unsecured creditors, and to the Office of the United States Trustee; and the Court having considered the offers of proof, evidence adduced, and the statements of counsel at the Interim Hearing; and it appearing to the Court that granting the relief sought in the Motion on the terms and conditions contained herein is necessary and essential to enable the Debtor to operate as a debtor in possession and to maintain the value of the Debtor's assets, and that such relief is fair and reasonable and that entry of this Interim Order is in the best interest of the Debtor and its estate and creditors; and upon due deliberation and good cause having been shown to grant the relief sought in the Motion:

**IT IS HEREBY FOUND THAT:**

---

[1] The Debtor's Tax I.D. No. is xx-xxx8195. The address for AES Thames, L.L.C. is 141 Depot Rd., Uncasville, CT 06382.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{864.001-W0012668.3}

A. On January 31, 2011 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Case"), and has continued with the management and operation of its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

B. The Debtor has requested immediate entry of this Interim Order, pursuant to Bankruptcy Rule 4001(b)(2), and has an immediate need to obtain the use of cash in which CL&P may claim in interest in order to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with vendors, suppliers and customers, to make payroll, to pay the costs of administration of their estates, to comply with regulatory requirements and to satisfy other working capital and operational needs.

C. The Debtor's access to sufficient working capital and liquidity through the use of cash and cash in which CL&P may claim an interest is vital to the preservation and maintenance of the value of the Debtor's assets and to the prospects of a successful reorganization.

D. Without continued and uninterrupted access to cash in which CL&P may assert an interest, the continued operation of the Debtor's businesses would not be possible, and serious and irreparable harm to the Debtor and its estate would occur. Absent the entry of this Interim Order, the Debtor's estate will be immediately and irreparably harmed.

E. Notice of the requested relief sought at the Interim Hearing was provided by the Debtor to: (a) the Office of the United States Trustee; (b) the Debtor's twenty (20) largest unsecured creditors on a consolidated basis, as identified in its chapter 11 petition; and (c) counsel to CL&P. Given the nature of the relief sought in the Motion, the Court concludes that sufficient and adequate notice of the Interim Hearing has been given pursuant to Bankruptcy Rules 2002, 4001(b) and (d) and 9014 and Bankruptcy Code section 102(1) as required by

Bankruptcy Code sections 361 and 363, and that no further notice of, or hearing on, the relief sought at the Interim Hearing and the relief granted herein is necessary or required.

F.  Consideration of the Motion constitutes a "core-proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A), (M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

G.  Good, adequate and sufficient cause has been shown to justify entry of this Interim Order. Among other things, granting the relief set forth in this Interim Order will permit the Debtor to meet its expenses and to maximize value for the benefit of all creditors.

**NOW, THEREFORE, UPON THE RECORD OF THE PROCEEDINGS HELD BEFORE THIS COURT WITH RESPECT TO THE MOTION, THE EVIDENCE ADDUCED AT THE INTERIM HEARING, AND THE STATEMENTS OF COUNSEL, IT IS HEREBY ORDERED:**

1.  Subject to the terms and conditions of this Interim Order, the Court hereby authorizes the Debtor's use of cash, including cash in which CL&P may assert an interest and may therefore constitute Cash Collateral. The Debtor shall use cash only in a manner consistent with its use of cash prior to the Petition Date and, in all events, in the ordinary course of business as permitted by section 363(b) of the Bankruptcy Code.

2.  As adequate protection for, and to secure payment of an amount equal to the Collateral Diminution (as defined below), the Debtor hereby grants CL&P a replacement lien on the Cash Collateral, provided, however, that such replacement lien shall be granted solely and exclusively to the extent CL&P presently has a valid, perfected, enforceable security interest in, and lien upon Cash Collateral (the "Adequate Protection Replacement Lien"). The Adequate Protection Replacement Lien shall be effective and perfected on an interim basis upon the entry

of this Interim Order and without the necessity of the execution by the Debtor of security agreements, financing statements or other agreements, provided, however, and for the avoidance of doubt, such Adequate Protection Replacement Lien shall be granted solely and exclusively to the extent CL&P presently has a valid, perfected, and enforceable security interest in, and lien upon, Cash Collateral.

3. The Adequate Protection Replacement Liens granted by this Order shall be subject to the payment of (a) any unpaid fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930; (b) any unpaid fees payable to the Clerk of the Court; and (c) the reasonable fees and expenses of professionals retained by the Debtor and any official committee of unsecured creditors (collectively, the "Carve-Out") for the term of this Interim Order. The Carve-Out shall survive the termination of the Interim Order. So long as the Interim Order shall remain in effect, the Debtor shall be permitted to pay administrative expenses allowable and payable under sections 330 and 331 of the Bankruptcy Code, as the same may be due and payable pursuant to any Orders of this Court.

4. Collateral Diminution shall mean an amount equal to the aggregate diminution in value, if any, of the interest of CL&P in the Cash Collateral, upon which CL&P has a valid, perfected, enforceable and non-avoidable lien or security interest, and to the extent that such diminution, if any, is caused from and after the date hereof, all as determined by this Court.

5. The Debtor is authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Interim Order and the transactions contemplated hereby. The stay of Bankruptcy Code section 362 is hereby modified to the extent required, if any, to permit the parties to effectuate the transactions contemplated by this Interim Order.

6. The provisions of this Interim Order shall be binding upon any trustee appointed during this Case or upon a conversion of this Case to a case under Chapter 7 of the Bankruptcy Code, and any actions taken pursuant hereto shall survive entry of any order which may be entered converting the Case to a Chapter 7 case, or dismissing the Case, or any order which may be entered confirming or consummating any plan(s) of reorganization.

7. The terms of this Interim Order shall be valid and binding upon the Debtor, all creditors of the Debtor and all other parties in interest from and after the entry of this Interim Order by this Court. In the event this Court stays, modifies or vacates any of the provisions of this Interim Order following any further hearing, such modifications, stays or vacation shall not affect the rights of CL&P granted pursuant to this Interim Order.

8. Nothing contained in this Interim Order shall prejudice the right of the Debtor, or any appointed committee or any creditor or party in interest with requisite standing to object to or to challenge (a) the validity, extent, perfection, enforceability or priority of the security interests and liens of CL&P, or (b) the extent, validity, allowability, enforceability, priority or status of any pre-petition debt of CL&P.

9. The Final Hearing on the Motion is scheduled for February 28, 2011 at 1:30 p.m. before this Court.

10. The Debtor shall promptly mail copies of this Interim Order to the parties having been given notice of the Interim Hearing, to Koramatsu, counsel to the Official Committee of Unsecured Creditors appointed in this case, if formed, and to any other party which has filed a request for notices with this Court. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections by no later than February 18, 2011 at 4:00 p.m. which objections shall be served so as to be received on such date, upon proposed counsel

for the Debtor, Landis Rath & Cobb LLP, attention Adam G. Landis, Esquire and Kerri K. Mumford., Esquire, 919 N. Market Street, Suite 1800, Wilmington, Delaware 19801; and the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, attention Juliet Sarkessian.

11. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof.

Dated: Feb 3, 2011
Wilmington, Delaware

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge