IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AES THAMES, L.L.C.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 11-10334 (KJC)<br><br>Hearing Date: March 30, 2011 at 3:00 p.m. (ET)<br>Objection Deadline: March 11, 2011 at 4:00 p.m. (ET) |

## APPLICATION OF THE DEBTOR AND DEBTOR IN POSSESSION FOR (I) AUTHORITY TO EMPLOY HOULIHAN LOKEY CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE DEBTOR, AND (II) WAIVER OF CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

The above-captioned debtor and debtor in possession (the "Debtor"), submits this Application of the Debtor and Debtor in Possession for (I) Authority to Employ Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker for the Debtor and (II) Waiver of Certain Information Requirements of Local Rule 2016-2 (the "Application"). The Affidavit of William H. Hardie, III of Houlihan Lokey is attached hereto as Exhibit "A" (the "Hardie Affidavit"). For additional support of this Application, the Debtor respectfully represents as follows:

### BACKGROUND

1. On February 1, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtor has continued in the possession of its property and has

---

[1] The Debtor's Tax I.D. No. is xx-xxx8195. The address for AES Thames, L.L.C. is 141 Depot Rd., Uncasville, CT 06382.

continued to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. The factual background relating to the Debtor's commencement of this chapter 11 case is set forth in detail in the *Declaration of Brian Chatlosh in Support of First Day Motions* (the "Chatlosh Declaration") filed on the Petition Date and incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are §§ 327(a) and 328(a) of the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Application, the Debtor seeks an order authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as its financial advisor effective as of the Petition Date, and further requests that the Court approve the compensation arrangements described in the Engagement Letter (defined below) pursuant to section 328(a) of the Bankruptcy Code with the sole exception of the United States Trustee who may subject Houlihan Lokey's Transaction Fee to a limited review pursuant to a standard of review under section 330 of the Bankruptcy Code. The compensation arrangements contained in

the Engagement Letter are highly beneficial to the Debtor's estate as they provide certainty and proper inducement for Houlihan Lokey to act expeditiously and prudently with respect to the matters for which it will be employed.

## BASIS FOR RELIEF REQUESTED

8. Under sections 327 and 328 of the Bankruptcy Code a debtor in possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code.

9. Specifically, section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

10. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed

{864.001-W0012996.2}

3

arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

## NECESSITY

12. The Debtor executed an engagement letter with Houlihan Lokey, dated as of February 11, 2011 (the "Engagement Letter").[2] A copy of the Engagement Letter is attached to the Hardie Affidavit as Exhibit 1. The Debtor engaged Houlihan Lokey to assist it in the formulation, evaluation and implementation of a Restructuring Transaction, Sale Transaction or Financing Transaction (each of the potential transactions set forth above, and as specifically defined in the Engagement Agreement, a "Transaction").

13. The Debtor submits that, absent the retention of Houlihan Lokey as of the Petition Date, the Debtor will suffer immediate and irreparable harm because the services provided by Houlihan Lokey are necessary to an effective and efficient administration of this bankruptcy case.

## HOULIHAN LOCKEY'S QUALIFICATIONS

14. Houlihan Lokey is an international investment banking/financial advisory firm, with 14 offices worldwide and more than 800 employees. Houlihan Lokey provides corporate finance and financial advisory services, as well as execution capabilities, in a variety of areas, including financial restructuring. Houlihan Lokey is one of the leading advisors and investment bankers to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, official creditor committees, acquirers, equity sponsors and other parties-in-interest involved with financially challenged

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Engagement Letter.

companies. Houlihan Lokey's Financial Restructuring Group has over 140 professionals worldwide dedicated to providing restructuring and other financial advisory services. Houlihan Lokey's Financial Restructuring Group has advised on over 500 transactions, valued in excess of $1.0 trillion.

15. Additionally, Houlihan Lokey has served as an investment banker and/or financial advisor in some of the largest and most complex restructuring matters in the United States, including the following: *Global Home Products LLC*, 06-10340 (KG) (Bankr. D. Del. 2006); *Covad Communications Group, Inc.*, No. 01-10167 (PJW) (Bankr. D. Del. 2001); *In re USG Corporation*, No. 01-2094 (JKF) (Bankr. D. Del. 2001); *XO Communications, Inc., No. 02-12947* (AJG) (Bankr. S.D.N.Y. 2002); and *DairyMart Convenience Stores, Inc.*, No. 01-42400 (AJG) (Bankr. S.D.N.Y. 2001).

16. The Debtor has employed Houlihan Lokey as its financial advisor in connection with, among other things, the commencement and prosecution of its chapter 11 case and the formulation of its business plan. The Debtor anticipates that Houlihan Lokey will render services to the Debtor as described below.

## SCOPE OF SERVICES

17. As more fully described in the Engagement Letter, the services to be provided by Houlihan Lokey in this case include the following:

    a)      assisting the Company with the preparation of a cash collateral budget and/or near term liquidity forecast;

    b)      assisting the Company in preparing financial disclosure schedules and other financial submissions required in connection with the Bankruptcy;

    c)      attending meetings of the Company's creditors;

    d)      assisting the Company in connection with the development of employee incentive plans;

e)   assisting the Company in the development and preparation of any plans of reorganization or liquidation under Chapter 11 and related projections, analyses and disclosure statements;

f)   assisting the Company in the development and distribution of selected information, documents and other materials, including, if appropriate, advising the Company in the preparation of an offering memorandum;

g)   assisting the Company in evaluating indications of interest and proposals regarding any Transaction(s) from current and/or potential lenders, equity investors, acquirers and/or strategic partners;

h)   assisting the Company with the negotiation of any Transaction(s), including participating in negotiations with creditors and other parties involved in any Transaction(s);

i)   providing expert advice and testimony regarding financial matters related to any Transaction(s), if necessary;

j)   attending meetings of the Company's Board of Directors, official constituencies and other interested parties, as the Company and Houlihan Lokey mutually agree; and

k)   providing such other financial advisory and investment banking services as may be agreed upon by Houlihan Lokey and the Company

18.   It is necessary that the Debtor employ Houlihan Lokey to render the foregoing professional services. The Debtor believes that the services will not duplicate the services that other professionals will be providing the Debtor. Specifically, Houlihan Lokey will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and other professionals retained in this case to avoid the unnecessary duplication of services.

## COMPENSATION

19.   As more fully described in the Engagement Letter, in consideration of the services provided by Houlihan Lokey, the Debtor has agreed to pay Houlihan Lokey during this chapter 11 case:

a)   <u>Monthly Fee</u>: A monthly fee of $100,000 for three months. Beginning with the fourth monthly fee the fee shall be reduced to $75,000.

{864.001-W0012996.2}

6

b) <u>Restructuring Transaction Fee or Sale Transaction Fee</u>. Upon the closing of either (a) a Restructuring Transaction (as defined below) or (b) a Sale Transaction (as defined below), a cash fee of $1,000,000. In the case of a Sale Transaction Fee, such payment shall be made directly from the gross proceeds of such Sale Transaction as a cost of such Sale Transaction;

c) <u>Financing Transaction Fee</u>. Upon the closing of each Financing Transaction a cash fee equal to the sum of: (I) 1.0% of the gross proceeds of any indebtedness raised or committed that is senior to other indebtedness of the Company, secured by a first priority lien (including, for the avoidance of doubt, debtor-in-possession or "exit" financing) and unsubordinated, with respect to both lien priority and payment, to any other obligations of the Company; (II) 3.0% of the gross proceeds of any indebtedness raised or committed that is secured by a lien (other than a first lien), is unsecured and/or is subordinated; and (III) 5.0% of the gross proceeds of all equity or equity-linked securities (including, without limitation, convertible securities and preferred stock) placed or committed;

d) <u>Expenses</u>: Reasonable out-of-pocket expenses in connection with the services provided.

20. The Debtor believes such fees are fair and reasonable, given the (i) nature of the services to be provided by Houlihan Lokey and (ii) the typical fee structure for Houlihan Lokey and other leading financial advisory and investment banking firms, which do not bill their clients on an hourly basis and generally are compensated on a transactional basis.

21. Payment to Houlihan Lokey pursuant to the terms of the Engagement Letter shall be subject solely to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review (including, without limitation, under section 330 of the Bankruptcy Code). Notwithstanding the foregoing, the United States Trustee may subject Houlihan Lokey's Transaction Fee to a limited review pursuant to a standard of review under section 330 of the Bankruptcy Code.

*Request for a Limited Waiver of Del. Bank. LR 2016-2(d)*

22. Houlihan Lokey intends to apply to the Court for allowance of

compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court. Although Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in this case. Houlihan Lokey requests that it be permitted to file time records in one half (.5) hour increments. Accordingly, by this Application, the Debtor is seeking on behalf of Houlihan Lokey, a waiver pursuant to Local Rule 2016-2(g) of the requirement to bill activities in one-tenths (.1) of an hour.

## **INDEMNIFICATION**

23. The Engagement Letter provides for, and the Debtor agrees to, indemnify and hold harmless Houlihan Lokey and its affiliates and their respective partners (both general and limited), members, officers, directors, employees and agents and each other person, if any, controlling Houlihan Lokey or any of Houlihan Lokey's affiliates (collectively, the "Indemnified Persons") related to, arising out of, or in connection with the retention of Houlihan Lokey by the Debtor, as more fully described in the Engagement Letter. However, notwithstanding anything to the contrary in the Engagement Letter or any agreements incorporated by reference in the Engagement Letter, the Debtor's agreement to indemnify and hold Houlihan Lokey harmless is modified as follows:

(a) Houlihan Lokey shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

(b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtor shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from

that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor alleges the breach of Houlihan Lokey's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artist Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey believes that it is entitled to payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Houlihan Lokey must file an application before this Court, and the Debtor may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This paragraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by Houlihan Lokey for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Houlihan Lokey.

24. The Debtor believes that such an indemnification is customary and reasonable for financial advisory and investment banking engagements, both out-of-court and in chapter 11. *See e.g., In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003) (authorizing the indemnification of Houlihan Lokey by the Debtor); *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000). The indemnification provision, as modified, is also similar to other indemnification provisions that have been approved by bankruptcy courts in this district. *See e.g., In re Premium Papers Holdco, LLC*, Ch. 11 Case No. 06-10269 (CSS) (Bankr. D. Del. May 3, 2006) (order authorizing retention of Giuliani Capital Advisors on similar terms); *In re Burlington Industries, Inc.*, Ch. 11 Case No. 01-11282 (RJN) (Bankr. D. Del. May 21, 2003) (order authorizing retention of Hostmann on similar terms); *In re Oakwood*

*Homes Corporation*, Ch. 11 Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003) (order authorizing retention of Hostmann on similar terms). The terms of such indemnification shall be the subject of a final hearing on Houlihan Lokey's retention.

### **HOULIHAN LOKEY'S DISINTERESTEDNESS**

25. To the best of the Debtor's knowledge, information, and belief, and based upon the Hardie Affidavit, Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

26. As described in detail in the Hardie Affidavit, Houlihan Lokey has, among other things, searched its client databases to determine whether it represents, or has represented, certain of the Debtor's creditors or other parties in interest in these proceedings, and/or matters wholly unrelated to these proceedings. Due to the size of Houlihan Lokey and the number of creditors and other parties in interest involved in this case, however, Houlihan Lokey may have represented certain of the Debtor's creditors or other parties in interest in matters wholly unrelated to this chapter 11 case. Except as may be described in the Hardie Affidavit, Houlihan Lokey does not, to its knowledge, represent any party with an interest materially adverse to the Debtor or these estate.

27. The Debtor has been informed that Houlihan Lokey is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise, and if new relevant facts or relationships are discovered, Houlihan Lokey will supplement its disclosure to the Court.

28. The Debtor submits that the employment and retention of Houlihan Lokey on the terms and conditions set forth in the Engagement Letter and herein is in the best interest of the Debtor, its creditors, and all parties in interest.

## NOTICE AND NO PRIOR REQUEST

29. No trustee or examiner has been appointed in the chapter 11 case. Notice of this Motion has been given to: (a) the United States Trustee; (b) proposed counsel to the official committee of unsecured creditors; and (c) any party requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice is necessary.

30. No prior request for the relief sought in this Motion has been made to this or any other Court.

## CONCLUSION

WHEREFORE, based on the facts and disclosures above, the Debtor respectfully requests:

    a. authority to employ and retain Houlihan Lokey as its investment banker as of the Petition Date,

    b. that the Court approve the terms of employment set forth in the Engagement Letter, pursuant to the provisions of section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014,

    c. that the Court approve the compensation of Houlihan Lokey at the expense of the Debtor's estate on the terms set forth in the Engagement Letter, pursuant to the provisions of section 328(a) of the Bankruptcy Code (subject to the above listed carve-out for the United States Trustee), and Bankruptcy Rule 2016,

    d. that, in light of services to be provided by Houlihan Lokey and the structure of Houlihan Lokey's compensation pursuant to the Engagement Letter, Houlihan Lokey be allowed to maintain time records for services rendered postpetition in one half (.5) hour increments; and

e. that the Court grant such other and further relief as is just and proper.

Dated: February 25, 2011
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
J. Landon Ellis (No. 4852)
Jeffrey R. Drobish (No. 5437)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mumford@lrclaw.com
       ellis@lrclaw.com
       drobish@lrclaw.com

*Proposed Counsel to Debtor and
Debtor in Possession*