# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AES THAMES, L.L.C.,[1] | Case No. 11-10334 (KJC) |
| Debtor. | |

## SCHEDULES OF ASSETS AND LIABILITIES
## AND STATEMENTS OF FINANCIAL AFFAIRS

### GLOBAL NOTES

These Global Notes and Disclaimers (the "Global Notes") regarding the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFA") for AES THAMES, L.L.C., (the "Debtor" or the "Company") are incorporated by reference in, and comprise an integral part of, the Schedules and SOFA, and should be referred to and reviewed in connection with any review of the Schedules and SOFA.

1.      The Schedules and SOFA have been prepared by the Company's management, with the assistance of its advisors, and are unaudited. While management of the Company has made every effort to ensure that the Schedules and SOFA are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes to the financial data contained in the Schedules and SOFA, and inadvertent errors or omissions may exist. To the extent the Company discovers a material error or omission, or becomes aware of additional information that may suggest a material difference, the Company will amend the Schedules or SOFA to reflect such changes. Accordingly, the Company does not make any representation or warranty as to the completeness or accuracy of the information set forth herein and reserves all rights to amend the Schedules or SOFA as may be necessary or appropriate.

2.      On February 1, 2011 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization under chapter 11 of title 11, United States Code (as amended, the "Bankruptcy Code") under case number 11-10334 (KJC). The Debtor currently is operating its business as a debtor in possession under the Bankruptcy Code.

3.      There may be instances within the Schedules and SOFA where certain information has intentionally been altered or revised due to the nature of an agreement between the Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations have

---

[1] The Debtor's Tax I.D. No. is xx-xxx8195. The address for AES Thames, L.L.C. is 141 Depot Rd., Uncasville, CT 06382.

been limited to only what is necessary to protect the Debtor or third party and provide interested parties with sufficient information to discern the nature of the listing.

4.  The Debtor has excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits, deferred taxes and deferred gains. Other immaterial assets and liabilities also may have been excluded.

5.  The Debtor has sought to allocate liabilities between prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change, and the Debtor reserves the right to change such allocation.

6.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Company's property interests. Accordingly, unless otherwise indicated, the Company's assets and liabilities are shown on the basis of their net book value as of January 31, 2011, except for the facility identified on Schedule A, which is book valued less accumulated depreciation. The coal and limestone inventories listed on SOFA 20(a) and Schedule B are tracked on a first-in-first-out (FIFO) basis. The Debtor reserves the right to amend or adjust the value of each asset and liability set forth herein.

7.  Any failure to designate a claim listed in the Schedules or SOFA as disputed, contingent or unliquidated does not constitute an admission by the Company that such amount is not disputed, contingent or unliquidated. The Company reserves all of its rights with respect to the claims listed in the Schedules or SOFA, including, without limitation, the right to assert offsets or defenses to any claim reflected on the SOFA, or to further amend the SOFA to (i) dispute any claim on any basis, including, without limitation, as to amount, liability or classification or (ii) designate any claim as disputed, contingent or unliquidated.

8.  The claims of creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Company's books and records and generally do not reflect credits or allowances that may be due from such creditors to the Company. The Company reserves all of its rights regarding any and all such credits and allowances.

9.  The Company has sought to discover and properly classify all claims and interests in this case, and to list all claims and interests against this estate accurately and completely. The Schedules or SOFA should not be considered the final determination of the Company's assets and liabilities, but rather the Company's current compilation of such information based on its investigations to date.

10. Despite the applicable reasonable efforts to identify all known assets, the Company may not have set forth all of its causes of action or potential causes of action against third parties as assets in the Schedules and SOFA, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other

2

applicable non-bankruptcy laws to recover assets. The Company reserves all rights with respect to any claims, causes of action or avoidance actions it may have and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claim.

11.    By separate orders of the Bankruptcy Court entered on February 3, 2011, the Company was authorized (but not directed) to pay, among other things, certain prepetition claims of employees and certain vendors. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority.

12.    Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Company reserves the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although the Company may have scheduled claims of various creditors as secured claims, the Company reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. In certain instances, the Debtor may be a co-obligor or guarantor with respect to scheduled claims and no claim set forth on Schedule D of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable contracts and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and SOFA shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtor has not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtor or inchoate statutory lien rights.

13.    Schedule E does not include amounts for outstanding wages, salaries and commissions as the precise amount potentially owing to each employee is presently unknown. The Debtor estimates that as of the Petition Date, there was approximately $20,000 in accrued overtime wages and salary was outstanding and approximately $113,000 in accrued personal time off was outstanding. Pursuant to an order of the Bankruptcy Court entered on February 3, 2011, the Debtor believes that substantially all of these obligations have been satisfied or will be satisfied in the ordinary course of business.

3

The listing of a claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority under section 507 of the Bankruptcy Code.

14. Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Company's books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Company does not list a date for each claim listed on Schedule F. Schedule F contains information regarding pending litigation involving the Company.

15. The Debtor has included certain workers' compensation claims on its Schedule F. However, such inclusion is not an admission that any claim is appropriately asserted against the Company; instead such claims have been included for purposes of completion and notice since it is not clear which entity the claims are being asserted against.

The liabilities identified in Schedule F are derived form the Debtor's books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtor to set forth its unsecured obligations. Accordingly, the actual amount of claims against the Debtor may vary form the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all secured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset valued and aggregate liabilities in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financials the Debtor believes to be reasonable, actual liabilities and assets may deviate from the Schedules and SOFAs due to certain events that occur during the case.

16. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusion may have occurred. The Company hereby reserves all rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other document, instruments and agreements which may not be listed therein. Also, Schedule G is intended to contain all of the Company's contracts and agreements as of the Petition Date. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Company that such contract or agreement is an executory contract or unexpired lease.

4

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Company may have entered into various other types of agreements in the ordinary course of business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Company reserves all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim. Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

The Debtor has not included contracts that comprise the general terms and conditions for vendor or service agreements.

The Debtor specifically reserves the right to amend, modify, supplement, correct, change or alter any part of its Schedules and SOFAs as and to the extent necessary.

17.   All totals that are included in the Schedules and SOFA represent totals of all the known amounts included in the tables.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### District of Delaware

In re    **AES Thames, L.L.C.**                  Case No.    **11-10334 (KJC)**

                     Debtor(s)        Chapter    **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $2,046,874.00 | **2011 YTD: Debtor Electricity Revenue** |
| $58,307,464.00 | **2010: Debtor Electricity Revenue** |
| $62,642,280.00 | **2009: Debtor Electricity Revenue** |
| $3,073,267.00 | **2011 YTD: Debtor CL&P Prepayment Amortization Revenue** |
| $37,952,046.00 | **2010: Debtor CL&P Prepayment Amortization Revenue** |
| $37,952,109.00 | **2009: Debtor CL&P Prepayment Amortization Revenue** |
| $8,082.00 | **2011 YTD: Debtor Steam Sales Revenue** |
| $1,920,675.00 | **2010: Debtor Steam Sales Revenue** |
| $1,909,452.00 | **2009: Debtor Steam Sales Revenue** |

### 2. Income other than from employment or operation of business

None


State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|

### 3. Payments to creditors

None
☒

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attached List** | | **$7,323,518.72** | **See Schedule F** |
| **Payroll** | | **$722,599.63** | **See Schedule F** |

None
☐

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Robert Price**<br>**118 Ensign Drive**<br>**Mystic, CT 06355**<br>  **Director, President** | **See Attached List** | **$255,371.66** | **See Schedule F** |
| **George Gurnee**<br>**115 Cottage Road**<br>**Oakdale, CT 06370**<br>  **Vice President** | **See Attached List** | **$120,069.56** | **$0.00** |
| **Mark Boucher**<br>**12 Brian Boulevard**<br>**Uncasville, CT 06382**<br>  **Vice President** | **See Attached List** | **$110,464.27** | **$0.00** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Scott Miller**<br>**65 Witter Road**<br>**Salem, CT 06420**<br>   **Vice President** | **See Attached List** | **$110,335.43** | **$0.00** |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Smurfit-Stone Container Corporation v. AES Thames, LLC** | **Breach of Contract** | **Superior Court**<br>**Judicial District of New London**<br>**New London, CT** | **Pending** |
| **Howard R. Beetham, Jr. v. AES Thames LLC**<br>**Case No. 0540443R** | **Age Discrimination Allegation** | **State of Connecticut**<br>**Commission on Human Rights and Opportunities**<br>**21 Grand Street**<br>**Hartford, CT 06106** | **Pending** |
| **Christopher Sirois v. North Atlantic Scaff**<br>**Case No. CV096000935S** | **Civil** | **Superior Court**<br>**Judicial District of New London**<br>**New London, CT** | **Pending** |
| **USA v. AES Thames LLC**<br>**Civil Action No. 3:10-cv-281 (RNC)** | **Civil** | **U.S. District Court for the District of Connecticut**<br>**New Haven, CT** | **Pending** |
| **Steven P. Caoutte**<br>**Claim No. 709857573** | **Workers' Compensation Claim** | | **Closed**<br>**6/18/10 -**<br>**6/21/10** |
| **Steven P. Caouette**<br>**Claim No. 709862357** | **Workers' Compensation Claim** | | **Claim Active -**<br>**Steve left the company**<br>**7/12/10 -**<br>**12/29/10**<br>**Seeking long term disability** |
| **Christopher Houghton**<br>**Claim No. 709864364** | **Workers' Compensation Claim** | | **Closed**<br>**7/12/10 -**<br>**11/19/10** |
| **Michael Delaney**<br>**Claim No. 709853782** | **Workers' Compensation Claim** | | **Closed**<br>**5/29/10 -**<br>**3/7/11** |

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None 

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None 

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None 

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None 

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| American Heart Association 5 Brookside Drive Wallingford, CT 06492 | | 3/5/2010 | $1,000.00 - Donation |
| Connecticut Antique Machinery Assoc P.O. Box 425 Kent, CT 06757 | | 10/1/2010 | $250.00 - Gift Matching |
| Golf Fore the Kids 35 Farm Brook Lane South Windsor, CT 06074 | | 5/4/2010 | $300.00 - Gift Matching |
| Guiding Eyes for the Blind 611 Granite Springs Road Yorktown Heights, NY 10598 | | 12/15/2010 | $750.00 - Gift Matching |
| Haitian Health Foundation 97 Sherman Street Norwich, CT 06360 | | 4/12/2010 | $300.00 - Gift Matching |
| Hospice of Southeastern Connecticut 227 Dunham Street Norwich, CT 06360 | | 2/1/2010 | $500.00 - Donation |
| Jonathan Trumbull Library 580 Exeter Road Lebanon, CT 06249 | | 5/4/2010 | $200.00 - Gift Matching |

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Montville DARE Committee** P.O. Box 130 Oakdale, CT 06370 | | 3/5/2010 | $200.00 - Donation |
| **Montville Dept. of Social Services Town of Montville** 12 Maple Avenue Uncasville, CT 06382 | | 9/21/2010 | $500.00 - Donation |
| **Mystic Congregational Church** 43 East Main Street Mystic, CT 06355 | | 11/3/2010 | $2,000.00 - Gift Matching |
| **New York Conference United Church of Christ** 5575 Thompson Road Syracuse, NY 13214 | | 6/17/2010 | $500.00 - Gift Matching |
| **New York Conference United Church of Christ** 5575 Thompson Road Syracuse, NY 13214 | | 5/4/2010 | $200.00 - Gift Matching |
| **Rotary Club of Montville** P.O. Box 94 Uncasville, CT 06382 | | 2/2/2010 | $500.00 - Donation |
| **Saint David's Episcopal Church** P.O. Box 296 Gales Ferry, CT 06335 | | 8/17/2010 | $1,500.00 - Gift Matching |
| **Western New England College** 1215 Wilbraham Road Springfield, MA 01119-2684 | | 5/4/2010 | $150.00 - Gift Matching |

---

**8. Losses**


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Landis Rath & Cobb LLP** 919 Market Street Suite 1800 Wilmington, DE 19801 | 1/28/2011 | $250,000.00 |

#### 10. Other transfers


None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |


None

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

#### 11. Closed financial accounts


None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

#### 12. Safe deposit boxes


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

#### 13. Setoffs


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

#### 14. Property held for another person


None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

#### 15. Prior address of debtor

None

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **Coal pile run off basin<br>141 Depot Rd.<br>Uncasville, CT 06382** | **State of Connecticut Department of Environmental Protection<br>79 Elm Street<br>Hartford, CT 06106-0000** | **September 2009** | **Notice of Violation: WR IN 08 039<br>section 22a-430(f)(1) of the Regulations of Connecticut State Agencies (RCSA)** |
| **Coal pile run off basin<br>141 Depot Rd.<br>Uncasville, CT 06382** | **State of Connecticut Department of Environmental Protection<br>79 Elm Street<br>Hartford, CT 06106-0000** | **October 2010** | **Notice of Violation: NOV WR IN 10 024 RCSA, 22a-430-3(f)(2), 22a-430-4(c)(16),22a-430-3(i)(3)** |

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☐

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| **U.S. Environmental Protection Agency Region 1<br>5 Post Office Square - Suite 100<br>Boston, MA 02109-3912** | **U.S. District Court for the District of Connecticut, Civil Action No. 3:10-cv-281(RNC)** | **Final Report submitted September 28, 2010** |

18 . Nature, location and name of business

None


a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
[X]

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

19. Books, records and financial statements

None
[ ]

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **AES North America** **Financial Support Services** **AES NA Central, L.L.C.** **1450 Lake Robbins Drive, Suite #600** **The Woodlands, TX 77380** | **2/1/09 - 2/1/11** |

None
[X]

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
[ ]

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **AES North America** | **Financial Support Services** **AES NA Central, L.L.C.** **1450 Lake Robbins Drive, Suite #600** **The Woodlands, TX 77380** |

| NAME | ADDRESS |
|---|---|
| AES Thames, L.L.C. | 141 Depot Road<br>Uncasville, CT 06382 |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Northeast Utilities<br>P.O. Box 270, NU East-1<br>Hartford, CT 06141-0270 | 11/9/10 - Q2 2010<br>12/7/10 - Q3 2010 |

**20. Inventories**

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|
| 12/16/09 | Arial Design Data | $5.3M - Coal Inventory Value<br>$857k - Limestone Inventory Value |
| 12/8/10 | Arial Design Data | $3.4M - Coal Inventory Value<br>$249k - Limestone Inventory Value |
| between 12/22/09 - 12/30/09 | Kelly Services | $3.2M (Weighted Average Basis) - Spare Parts Inventory Value |
| between 12/6/10 - 12/26/10 | Kelly Services | $2.9M (Weighted Average Basis) - Spare Parts Inventory Value |

None ☐    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 12/16/09 | Robert Dubiel<br>Commercial Manager<br>AES Thames, L.L.C.<br>141 Depot Rd.<br>Uncasville, CT 06382 |
| 12/8/10 | Robert Dubiel<br>Commercial Manager<br>AES Thames, L.L.C.<br>141 Depot Rd.<br>Uncasville, CT 06382 |
| between 12/22/09 - 12/30/09 | Nadine Wujtewicz<br>AES Thames, L.L.C.<br>141 Depot Rd.<br>Uncasville, CT 06382 |
| between 12/6/10 - 12/26/10 | Nadine Wujtewicz<br>AES Thames, L.L.C.<br>141 Depot Rd.<br>Uncasville, CT 06382 |

**21 . Current Partners, Officers, Directors and Shareholders**

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Brian Chatlosh AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Director and President | |
| Peter Norgeot AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Director and Vice President | |
| Peter Bajc AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Director | |
| Mark Boucher AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Vice President | |
| George Gurnee AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Vice President | |
| Tham Nguyen AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Secretary | |
| Leith Mann AES Thames, L.L.C. 141 Depot Rd. Uncasville, CT 06382 | Assistant Secretary | |
| AES Connecticut Management, Inc. 2711 Centerville Road Wilmington, DE 19808 | Owner | 100% |

**22 . Former partners, officers, directors and shareholders**

None ☒ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Albert 'Chip' Bergeron 21 Starling Drive Belle Mead, NJ 08502-4931 | Director, President | 1/11/2011 |
| Scott Miller 65 Witter Road Salem, CT 06420 | Vice President | 6/14/2010 |
| Kevin Pierce Barangay Bani Masinloc, Zambales, Phillipines 02211 | Director | 6/18/2010 |

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Robert Price<br>118 Ensign Drive<br>Mystic, CT 06355 | **Director, President** | **6/14/2010** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR<br>See Question 3(c) | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ☐  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION<br>**The AES Corporation (as successor by change of name to Applied Energy Services, Inc.)** | TAXPAYER IDENTIFICATION NUMBER (EIN)<br>**54-1163725** |
|---|---|

---

**25. Pension Funds.**

None ☒  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **March 17, 2011**            Signature  **Brian Chatlosh**
**President**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

| Name of the payee | Payee's street | City | State | Postcode | Date | Total |
|---|---|---|---|---|---|---|
| AES RED OAK, LLC | 832 RED OAK LANE | SAYERVILLE | NJ | 08872 | 12/17/2010 | $ 10,205.02 |
| | | | | | 1/28/2011 | $ 7,664.73 |
| AES RED OAK, LLC TOTAL | | | | | | $ 17,869.75 |
| ALSTOM POWER INC | 1119 RIVERFRONT PARKWAY | CHATTANOOGA | TN | 37402 | 12/23/2010 | $ 4,250.00 |
| | PO BOX 730066 | DALLAS | TX | 75373 | 12/23/2010 | $ 11,750.00 |
| ALSTOM POWER INC TOTAL | | | | | | $ 16,000.00 |
| ALSTOM POWER INC. | PO BOX 905480 | CHARLOTTE | NC | 28290-5480 | 12/23/2010 | $ 9,156.00 |
| ALSTOM POWER INC. TOTAL | | | | | | $ 9,156.00 |
| AMERICAN EXPRESS | PO BOX 1270 | NEWARK | NJ | 07101-1270 | 11/29/2010 | $ 4,831.71 |
| | | | | | 12/28/2010 | $ 4,360.98 |
| | | | | | 2/1/2011 | $ 13,821.71 |
| AMERICAN EXPRESS TOTAL | | | | | | $ 23,014.40 |
| AMERICAN MARINE & CARGO, INC. | 2700 BROENING HWY., SHED 6 | BALTIMORE | MD | 21222 | 12/3/2010 | $ 2,836.00 |
| | | | | | 12/15/2010 | $ 2,052.00 |
| | | | | | 1/12/2011 | $ 1,284.00 |
| AMERICAN MARINE & CARGO, INC. TOTAL | | | | | | $ 6,172.00 |
| ANALYTICAL CONSULTING TECHOLOCYIN | 168 RAILROAD HILL ST | WATERBURY | CT | 08708 | 11/5/2010 | $ 287.62 |
| | | | | | 11/19/2010 | $ 313.90 |
| | | | | | 12/7/2010 | $ 495.16 |
| | | | | | 1/4/2011 | $ 2,914.07 |
| | | | | | 1/20/2011 | $ 914.84 |
| | | | | | 1/28/2011 | $ 4,754.65 |
| | | | | | 2/1/2011 | $ 67.00 |
| ANALYTICAL CONSULTING TECHOLOCYIN TOTAL | | | | | | $ 9,747.24 |
| AT&T INC | PO BOX 8110 | AURORA | IL | 60507-8110 | 11/19/2010 | $ 2,656.38 |
| | | | | | 12/22/2010 | $ 2,644.24 |
| | | | | | 1/25/2011 | $ 2,624.18 |
| AT&T INC TOTAL | | | | | | $ 7,924.80 |
| BCE PARTS LTD. | 3070 MAINWAY DRIVE, UNIT 12 | BURLINGTON | ON | L7M 3X1 | 11/10/2010 | $ 216.00 |
| | LOCKBOX NO. 3231 POSTAL STATION "A | TORONTO | ON | M5W 4K2 | 12/21/2010 | $ 6,183.94 |
| | | | | | 12/21/2010 | $ 8,764.01 |
| BCE PARTS LTD. TOTAL | | | | | | $ 15,163.95 |
| BLACKBURN PRO CLEANING | 132 CROSS ROAD | WATERFORD | CT | 06385 | 11/3/2010 | $ 4,138.03 |
| | | | | | 11/22/2010 | $ 118.72 |
| | | | | | 11/30/2010 | $ 3,869.00 |
| | | | | | 1/4/2011 | $ 4,053.33 |
| | | | | | 1/19/2011 | $ 3,987.72 |
| BLACKBURN PRO CLEANING TOTAL | | | | | | $ 16,166.80 |
| CAMELOT COAL COMPANY | 323 S. MAIN STREET | ZELIENOPIE | PA | 16063 | 12/21/2010 | $ 6,933.75 |
| CAMELOT COAL COMPANY TOTAL | | | | | | $ 6,933.75 |
| CEM SERVICES INC | 360 OLD COLONY ROAD | NORTON | MA | 02766 | 11/10/2010 | $ 14,130.00 |
| | | | | | 1/18/2011 | $ 750.00 |
| CEM SERVICES INC TOTAL | | | | | | $ 14,880.00 |
| CHADBOURNE & PARKE LLP | 30 ROCKEFELLER PLAZA | NEW YORK | NY | 10112 | 11/29/2010 | $ 2,536.59 |
| | | | | | 1/4/2011 | $ 1,946.70 |
| | | | | | 1/18/2011 | $ 2,493.90 |
| CHADBOURNE & PARKE LLP TOTAL | | | | | | $ 6,977.19 |

| Name of the payee | Payee's street | City | State | Post code | Date | Total |
|---|---|---|---|---|---|---|
| CHEMTREAT | 15045 COLLECTIONS CENTER DRIVE | CHICAGO | IL | 60693 | 11/1/2010 | $ 3,730.20 |
| | | | | | 11/22/2010 | $ 2,795.80 |
| | | | | | 12/6/2010 | $ 10,524.80 |
| | | | | | 12/16/2010 | $ 571.20 |
| | | | | | 1/4/2011 | $ 1,142.40 |
| | | | | | 1/18/2011 | $ 2,844.00 |
| | | | | | 2/1/2011 | $ 2,059.60 |
| **CHEMTREAT TOTAL** | | | | | | **$ 23,668.00** |
| COMMERCIAL DIVING SERVICES, LLC. | 93 WHIPPORWILL HOLLOW ROAD | NORTH FRANKLIN | CT | 06254 | 11/19/2010 | $ 20,750.00 |
| **COMMERCIAL DIVING SERVICES, LLC. TOTAL** | | | | | | **$ 20,750.00** |
| CONNECTICUT LIGHT & POWER | PO BOX 150493 | HARTFORD | CT | 06115-0493 | 11/3/2010 | $ 1,000.00 |
| | | | | | 11/22/2010 | $ 19.37 |
| | | | | | 12/2/2010 | $ 6,196.30 |
| | | | | | 12/16/2010 | $ 22.60 |
| | | | | | 12/29/2010 | $ 5,243.64 |
| | | | | | 1/19/2011 | $ 23.09 |
| | | | | | 1/25/2011 | $ 5,945.99 |
| **CONNECTICUT LIGHT & POWER TOTAL** | | | | | | **$ 18,450.99** |
| CONNECTICUT VALLEY RUBBER INC | 18 THOMPSON ROAD | EAST WINDSOR | CT | 06088 | 1/3/2011 | $ 20,077.98 |
| **CONNECTICUT VALLEY RUBBER INC TOTAL** | | | | | | **$ 20,077.98** |
| CSX TRANSPORTATION INC. | PO BOX 44054 | JACKSONVILLE | FL | 32231-4054 | 11/17/2010 | $ 405,721.93 |
| | | | | | 12/27/2010 | $ 749,112.13 |
| | | | | | 1/12/2011 | $ 125,793.90 |
| **CSX TRANSPORTATION INC. TOTAL** | | | | | | **$ 1,280,627.96** |
| EAST RIVER ENERGY | PO BOX 338 | GUILFORD | CT | 06437 | 12/15/2010 | $ 40,131.36 |
| | | | | | 1/4/2011 | $ 40,296.96 |
| | | | | | 1/18/2011 | $ 20,874.98 |
| **EAST RIVER ENERGY TOTAL** | | | | | | **$ 101,303.30** |
| ENERGY LINK, INC. | 840 PHILADELPHIA STREET  SUITE 305 | INDIANA | PA | 15701 | 11/5/2010 | $ 215,394.22 |
| | | | | | 12/10/2010 | $ 212,546.83 |
| **ENERGY LINK, INC. TOTAL** | | | | | | **$ 427,941.05** |
| GENERAL PHYSICS CORPORATION | 1555 WHISKEY ROAD MITCHELL CENTER | AIKEN | SC | 29803 | 11/19/2010 | $ 7,567.00 |
| **GENERAL PHYSICS CORPORATION TOTAL** | | | | | | **$ 7,567.00** |
| HARSCO INFRASTRUCTURE | 4465 CAMPBELLS RUN ROAD | PITTSBURGH | PA | 15205 | 11/29/2010 | $ 2,135.82 |
| | PO BOX 843465 | PITTSBURGH | PA | 15264-3465 | 11/29/2010 | $ 4,678.52 |
| **HARSCO INFRASTRUCTURE TOTAL** | | | | | | **$ 6,814.34** |
| HAYES PUMP INC | 66 OLD POWDER MILL RD | WEST CONCORD | MA | 07142 | 11/29/2010 | $ 1,043.04 |
| | | | | | 1/3/2011 | $ 8,759.84 |
| **HAYES PUMP INC TOTAL** | | | | | | **$ 9,802.88** |
| HEADWATERS RESOURCES, INC. | P.O. BOX 843922 | DALLAS | TX | 75284-3922 | 11/10/2010 | $ 510,076.54 |
| | | | | | 12/10/2010 | $ 554,916.33 |
| | | | | | 1/5/2011 | $ 578,744.46 |
| **HEADWATERS RESOURCES, INC. TOTAL** | | | | | | **$ 1,643,737.33** |
| HUBBARD HALL | P.O. BOX 790 | WATERBURY | CT | 06720-0790 | 11/18/2010 | $ 7,954.90 |
| | | | | | 1/4/2011 | $ 22,494.23 |
| **HUBBARD HALL TOTAL** | | | | | | **$ 30,449.13** |
| ICG, LLC | 300 CORPORATE CENTRE DRIVE | SCOTT DEPOT | WV | 25560 | 11/10/2010 | $ 617,425.61 |

| Name of the payee | Payee's street | City | State | Post.code | Date | Total |
|---|---|---|---|---|---|---|
| | | | | | 12/20/2010 | $ 703,896.59 |
| | | | | | 1/6/2011 | $ 570,504.86 |
| | | | | | 1/12/2011 | $ 332,345.57 |
| ICG, LLC TOTAL | | | | | | $ 2,224,172.63 |
| INDEPENDENT ELEVATOR CO. LLC. | 84 ZEYA DR. | COVENTRY | CT | 06238 | 11/3/2010 | $ 2,385.00 |
| | | | | | 11/22/2010 | $ 3,286.00 |
| | | | | | 12/17/2010 | $ 3,858.40 |
| | | | | | 12/29/2010 | $ 18,555.10 |
| | | | | | 1/10/2011 | $ 2,385.00 |
| INDEPENDENT ELEVATOR CO. LLC. TOTAL | | | | | | $ 30,469.50 |
| JOHNSON PACKINGS & INDUSTRIAL | PO BOX 545 | EAST LONGMEADOW | MA | 01028 | 1/4/2011 | $ 712.32 |
| | | | | | 1/20/2011 | $ 5,235.01 |
| JOHNSON PACKINGS & INDUSTRIAL TOTAL | | | | | | $ 5,947.33 |
| KLEINSHCMIDT ASSOCIATES | 141 MAIN ST    P.O. BOX 650 | PITTSFIELD | ME | 04697 | 11/2/2010 | $ 347.63 |
| | | | | | 11/29/2010 | $ 13,148.88 |
| | | | | | 1/3/2011 | $ 13,828.40 |
| | | | | | 2/1/2011 | $ 19,682.81 |
| KLEINSHCMIDT ASSOCIATES TOTAL | | | | | | $ 47,007.72 |
| KOMATSU FINANCIAL | PO BOX 99303 | CHICAGO | IL | 60693-9303 | 12/6/2010 | $ 12,099.30 |
| | | | | | 1/4/2011 | $ 12,099.30 |
| | | | | | 1/27/2011 | $ 12,099.30 |
| KOMATSU FINANCIAL TOTAL | | | | | | $ 36,297.90 |
| LEPPERT-NUTMEG INC | 113 WEST DUDLEY TOWN ROAD | BLOOMFIELD | CT | 06002 | 1/20/2011 | $ 16,054.76 |
| LEPPERT-NUTMEG INC TOTAL | | | | | | $ 16,054.76 |
| LVR INC | PO BOX 187 | NORTH HAMPTON | PA | 18067 | 1/4/2011 | $ 8,675.00 |
| LVR INC TOTAL | | | | | | $ 8,675.00 |
| MCCARTHY HEATING OIL SERVICE | PO BOX 332 | QUAKER HILL | CT | 06375 | 11/30/2010 | $ 6,306.83 |
| | | | | | 1/4/2011 | $ 7,504.71 |
| | | | | | 1/26/2011 | $ 6,663.88 |
| MCCARTHY HEATING OIL SERVICE TOTAL | | | | | | $ 20,475.42 |
| MIDWESCO FILTER RESOURCES INC | 385 BATTAILE DRIVE | WINCHESTER | VA | 22601 | 12/16/2010 | $ 1,400.00 |
| | | | | | 1/28/2011 | $ 3,888.00 |
| | PO BOX 99987 | CHICAGO | IL | 60696-7787 | 11/30/2010 | $ 4,694.00 |
| | | | | | 12/16/2010 | $ 135.42 |
| | | | | | 1/18/2011 | $ 11,020.50 |
| | | | | | 2/1/2011 | $ 136.75 |
| MIDWESCO FILTER RESOURCES INC TOTAL | | | | | | $ 21,274.67 |
| MORAN TOWING CORPORATION | 50 LOCUST AVENUE | NEW CANAAN | CT | 06840 | 1/5/2011 | $ 291,903.28 |
| MORAN TOWING CORPORATION TOTAL | | | | | | $ 291,903.28 |
| MURTHA CULLINA LLP | 185 ASYLUM STREET | HARTFORD | CT | 06103-3469 | 11/1/2010 | $ 18,668.00 |
| | | | | | 11/29/2010 | $ 2,472.50 |
| | | | | | 12/15/2010 | $ 135.00 |
| | | | | | 1/18/2011 | $ 13,351.00 |
| MURTHA CULLINA LLP TOTAL | | | | | | $ 34,626.50 |
| NEW ENGLAND CENTRAL RAILROAD, INC | PO BOX 409783 | ATLANTA | GA | 30384-9783 | 11/29/2010 | $ 12,733.88 |
| NEW ENGLAND CENTRAL RAILROAD, INC TOTAL | | | | | | $ 12,733.88 |
| OCEAN STATE TECHNICAL SERVICES LLC | 55 CHAPMAN ST | PROVIDENCE | RI | 02905-5405 | 2/1/2011 | $ 10,427.67 |

| Name of the payee | Payee's street | City | State | Post.code | Date | Total |
|---|---|---|---|---|---|---|
| OCEAN STATE TECHNICAL SERVICES LLC TOTAL | | | | | | $ 10,427.67 |
| OCEAN STATE TECHNICAL SVC LLC | 55 CHAPMAN STREET | PROVIDENCE | RI | 02905-5405 | 1/19/2011 | $ 3,041.25 |
| | | | | | 1/26/2011 | $ 11,605.66 |
| OCEAN STATE TECHNICAL SVC LLC TOTAL | | | | | | $ 14,646.91 |
| P & H CONSTRUCTION | PO BOX 164 | UNCASVILLE | CT | 06382 | 11/2/2010 | $ 12,468.46 |
| | | | | | 11/30/2010 | $ 1,597.42 |
| | | | | | 1/5/2011 | $ 8,470.99 |
| P & H CONSTRUCTION TOTAL | | | | | | $ 22,536.87 |
| P & M BRICK, LLC | 2170 ROUTE 144 | COEYMANS | NY | 12045 | 12/10/2010 | $ 221,119.50 |
| | | | | | 12/20/2010 | $ 248,663.10 |
| P & M BRICK, LLC TOTAL | | | | | | $ 469,782.60 |
| SGS | PO BOX 2502 | CAROL STREAM | IL | 60132 | 11/1/2010 | $ 8,750.94 |
| | | | | | 11/22/2010 | $ 2,807.32 |
| | | | | | 11/29/2010 | $ 13,019.53 |
| SGS TOTAL | | | | | | $ 24,577.79 |
| SGS NORTH AMERICA, INC | PO BOX 2502 | CAROL STREAM | IL | 60132-2502 | 1/18/2011 | $ 11,754.26 |
| | | | | | 1/26/2011 | $ 8,485.77 |
| SGS NORTH AMERICA, INC TOTAL | | | | | | $ 20,240.03 |
| STATE OF CONNECTICUT DEPT. OF ENV. | 79 ELM ST. | HARTFORD | CT | 06106-5127 | 11/3/2010 | $ 11.06 |
| | | | | | 1/28/2011 | $ 13,900.00 |
| STATE OF CONNECTICUT DEPT. OF ENV. TOTAL | | | | | | $ 13,911.06 |
| STILWELL & ASSOCIATES OF THE USA, I | 1108-F EDEN WAY NORTH | CHESAPEAKE | VA | 23320 | 12/6/2010 | $ 2,680.00 |
| | | | | | 12/14/2010 | $ 4,597.68 |
| STILWELL & ASSOCIATES OF THE USA, I TOTAL | | | | | | $ 7,277.68 |
| TOWN OF MONTVILLE | 310 NORWICH - NEW LONDON TURNPIKE | UNCASVILLE | CT | 06382 | 1/19/2011 | $ 152,528.88 |
| TOWN OF MONTVILLE TOTAL | | | | | | $ 152,528.88 |
| UNIVAR USA INC | 13009 COLLECTIONS CENTER DR | CHICAGO | IL | 60693 | 11/22/2010 | $ 2,182.70 |
| | | | | | 12/3/2010 | $ 2,199.49 |
| | | | | | 12/15/2010 | $ 2,206.93 |
| | | | | | 1/4/2011 | $ 2,173.35 |
| | | | | | 2/1/2011 | $ 2,565.51 |
| UNIVAR USA INC TOTAL | | | | | | $ 11,327.98 |
| YANKEE GAS | PO BOX 150492 | HARTFORD | CT | 06115-0492 | 11/2/2010 | $ 16,767.60 |
| | | | | | 12/3/2010 | $ 26,854.10 |
| | | | | | 1/11/2011 | $ 2.92 |
| | | | | | 1/18/2011 | $ 22,466.14 |
| | | | | | 2/1/2011 | $ 19,336.06 |
| YANKEE GAS TOTAL | | | | | | $ 85,426.82 |
| Grand Total | | | | | | $7,323,518.72 |

**3. Payments to creditors**

c.　　　February 2010 - February 2011

| Name | Address | City/State/Zip Code | Title | Withdrawal |
|------|---------|---------------------|-------|------------|
| Bob Price | 118 Ensign Drive | Mystic, CT  06355 | Director, President | 6/14/2010 |

| Date of Payment | Amount Paid | Type of Payment |
|-----------------|-------------|-----------------|
| 02/15/10 | $    4,122.61 | Semi-Monthly Pay |
| 02/20/10 | $       263.57 | Restricted Stock Options |
| 02/20/10 | $    6,059.74 | Restricted Stock Units |
| 02/20/10 | $  59,524.33 | 2009 STC |
| 02/28/10 | $    4,122.61 | Semi-Monthly Pay |
| 03/15/10 | $    4,654.19 | Semi-Monthly Pay |
| 03/31/10 | $    4,751.64 | Semi-Monthly Pay |
| 03/31/10 | $  17,524.12 | Performance Units |
| 04/15/10 | $    4,751.64 | Semi-Monthly Pay |
| 04/30/10 | $    4,751.64 | Semi-Monthly Pay |
| 05/15/10 | $    4,751.64 | Semi-Monthly Pay |
| 05/28/10 | $    4,365.29 | Semi-Monthly Pay |
| 05/28/10 | $    4,532.83 | Vacation Sellback |
| 06/15/10 | $  45,105.89 | Pro-Rated Bonus |
| 06/15/10 | $    4,698.54 | Severance |
| 06/30/10 | $    4,698.54 | Severance |
| 07/15/10 | $    4,698.54 | Severance |
| 07/31/10 | $    4,698.54 | Severance |
| 08/15/10 | $    4,698.54 | Severance |
| 08/31/10 | $    4,698.54 | Severance |
| 09/15/10 | $    4,698.54 | Severance |
| 09/30/10 | $    4,698.54 | Severance |
| 10/15/10 | $    4,698.54 | Severance |
| 10/31/10 | $    4,698.54 | Severance |
| 11/15/10 | $    4,698.54 | Severance |
| 11/30/10 | $    4,698.54 | Severance |
| 12/15/10 | $    4,698.54 | Severance |
| 12/31/10 | $    4,698.54 | Severance |
| 01/07/11 | $  10,913.28 | Restricted Stock Units |
| 01/15/11 | $    4,698.54 | Severance |
| 01/31/11 | $    4,698.54 | Severance |
| **TOTAL** | **$255,371.66** | |

**3. Payments to creditors**

c.      February 2010 - February 2011

| Name | Address | City/State/Zip Code | Title | Elected |
|---|---|---|---|---|
| George Gurnee | 115 Cottage Road | Oakdale, CT 06370 | Vice President | 10/24/2007 |

| Date of Payment | Amount Paid | Type of Payment |
|---|---|---|
| 02/15/10 | $ 2,823.44 | Semi-Monthly Pay |
| 02/20/10 | $ 6,532.13 | Restricted Stock Units |
| 02/20/10 | $ 25,258.32 | 2009 STC |
| 02/28/10 | $ 2,823.46 | Semi-Monthly Pay |
| 03/15/10 | $ 3,109.92 | Semi-Monthly Pay |
| 03/31/10 | $ 3,032.96 | Semi-Monthly Pay |
| 03/31/10 | $ 7,969.59 | Performance Units |
| 04/15/10 | $ 2,866.16 | Semi-Monthly Pay |
| 04/30/10 | $ 2,866.16 | Semi-Monthly Pay |
| 05/15/10 | $ 2,866.15 | Semi-Monthly Pay |
| 05/31/10 | $ 2,866.15 | Semi-Monthly Pay |
| 06/15/10 | $ 3,031.98 | Semi-Monthly Pay |
| 06/30/10 | $ 3,135.85 | Semi-Monthly Pay |
| 07/15/10 | $ 3,135.85 | Semi-Monthly Pay |
| 07/15/10 | $ 3,690.93 | Vacation Sellback |
| 07/31/10 | $ 3,135.85 | Semi-Monthly Pay |
| 08/15/10 | $ 3,135.84 | Semi-Monthly Pay |
| 08/31/10 | $ 3,140.85 | Semi-Monthly Pay |
| 09/15/10 | $ 3,140.85 | Semi-Monthly Pay |
| 09/30/10 | $ 3,140.84 | Semi-Monthly Pay |
| 10/15/10 | $ 3,140.85 | Semi-Monthly Pay |
| 10/31/10 | $ 3,140.85 | Semi-Monthly Pay |
| 11/15/10 | $ 3,140.85 | Semi-Monthly Pay |
| 11/30/10 | $ 3,140.84 | Semi-Monthly Pay |
| 12/15/10 | $ 3,140.85 | Semi-Monthly Pay |
| 12/31/10 | $ 3,140.85 | Semi-Monthly Pay |
| 01/07/11 | $ 3,640.60 | Restricted Stock Units |
| 01/15/11 | $ 2,940.29 | Semi-Monthly Pay |
| 01/31/11 | $ 2,940.30 | Semi-Monthly Pay |
| **TOTAL** | **$ 120,069.56** | |

**3. Payments to creditors**

c.       February 2010 - February 2011

| Name | Address | City/State/Zip Code | Title | | Elected |
|---|---|---|---|---|---|
| Mark Boucher | 12 Brian Boulevard | Uncasville, CT 06382 | Vice President | | 4/25/2002 |

| Date of Payment | Amount Paid | | Type of Payment |
|---|---|---|---|
| 02/15/10 | $ | 2,698.93 | Semi-Monthly Pay |
| 02/20/10 | $ | 3,401.87 | Restricted Stock Units |
| 02/20/10 | $ | 21,038.51 | 2009 STC |
| 02/28/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 03/15/10 | $ | 2,943.75 | Semi-Monthly Pay |
| 03/31/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 03/31/10 | $ | 7,969.57 | Performance Units |
| 04/15/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 04/30/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 05/15/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 05/31/10 | $ | 2,668.31 | Semi-Monthly Pay |
| 06/15/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 06/30/10 | $ | 2,668.32 | Semi-Monthly Pay |
| 07/15/10 | $ | 2,889.83 | Semi-Monthly Pay |
| 07/31/10 | $ | 2,949.84 | Semi-Monthly Pay |
| 08/15/10 | $ | 2,949.84 | Semi-Monthly Pay |
| 08/31/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 09/15/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 09/30/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 10/15/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 10/31/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 11/15/10 | $ | 2,959.84 | Semi-Monthly Pay |
| 11/30/10 | $ | 2,929.24 | Semi-Monthly Pay |
| 11/30/10 | $ | 2,608.50 | Vacation Sellback |
| 12/15/10 | $ | 2,929.24 | Semi-Monthly Pay |
| 12/31/10 | $ | 2,929.24 | Semi-Monthly Pay |
| 12/31/10 | $ | 1,811.52 | Vacation Sellback |
| 01/07/11 | $ | 4,731.92 | Restricted Stock Units |
| 01/15/11 | $ | 2,744.37 | Semi-Monthly Pay |
| 01/31/11 | $ | 2,744.37 | Semi-Monthly Pay |
| 01/31/11 | $ | 1,088.14 | Vacation Sellback |
| **TOTAL** | **$** | **110,464.27** | |

**3. Payments to creditors**

c.      February 2010 - February 2011

| Name | Address | City/State/Zip Code | Title | Withdrawal |
|------|---------|---------------------|-------|------------|
| Scott Miller | 65 Witter Road | Salem, CT  06420 | Vice President | 6/14/2010 |

| Date of Payment | Amount Paid | Type of Payment |
|-----------------|-------------|-----------------|
| 02/15/10 | $    4,122.86 | Semi-Monthly Pay |
| 02/20/10 | $  18,107.94 | Restricted Stock Units |
| 02/20/10 | $  37,290.11 | 2009 STC |
| 02/28/10 | $    4,122.86 | Semi-Monthly Pay |
| 03/15/10 | $    4,122.86 | Semi-Monthly Pay |
| 03/31/10 | $    4,508.25 | Semi-Monthly Pay |
| 03/31/10 | $  20,027.57 | Performance Units |
| 04/15/10 | $    4,508.24 | Semi-Monthly Pay |
| 04/30/10 | $    4,508.25 | Semi-Monthly Pay |
| 05/15/10 | $    4,508.24 | Semi-Monthly Pay |
| 05/28/10 | $    4,508.25 | Semi-Monthly Pay |
| **TOTAL** | **$110,335.43** | |